IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERT PAUL B. R. DIAZ, and
JULIA T. DIAZ,

        Plaintiffs,

v.                                                   No. 15cv483 JAP/SCY

LORETTA LYNCH, *et al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs, Doc's 3 and 4 ("Applications"), and on their Complaint, Doc. 1 ("Complaint"). For the reasons stated below, the Court will **GRANT** Plaintiffs' Applications and will **DISMISS** Plaintiffs' Complaint **without prejudice**. Plaintiffs may file an amended complaint by September 1, 2015. Failure to timely file an amended complaint by September 1, 2015 may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs. Plaintiffs state that: (i) their combined monthly income is $1,466.00; (ii) their combined monthly expenses are $1,090.00; (iii) their combined amount of money in bank accounts is $600.00; (iv) their only asset is a vehicle valued at $2,000.00; and (v) their "SSI pmts. are not that large, and [they're] left very little for the month." While Plaintiffs' combined monthly income exceeds their monthly expenses by $376.00, the Court, based on Plaintiffs' reported combined monthly income of $1,466.00, finds that Plaintiffs are unable to pay the filing fee.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.  *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiffs filed a Complaint alleging violations of their civil and constitutional rights pursuant to 42 U.S.C. § 1983, "Civil action for deprivation of rights," and 42 U.S.C. § 1985, "Conspiracy to interfere with civil rights."  Plaintiffs leased a condominium from Defendant La Buena Vida Condominium Association ("Association").  A representative of the Association, apparently after receiving a complaint from an unknown condominium owner, informed Plaintiffs they were violating the by-laws of the Association by parking a trailer and truck, which are not personal vehicles used on a daily basis for transportation, on condominium property.  Plaintiffs

3

then filed a lawsuit in State court against the Association and some of its directors/employees.[1] After some proceedings in the State court case, Plaintiffs filed their Complaint in this case. Plaintiffs allege that by filing documents and making arguments during hearings in the State court case, the Condominium Association, its directors/employees, and the Association's law firm conspired with the State court judge to violate Plaintiff's due process and equal protection rights.

The Court will dismiss the claims against the United States Attorney General Office, United States Attorney General Loretta Lynch, and New Mexico Attorney General Gary King for failure to state a claim.   Although they are named as defendants in the caption and included in the list of parties, there are no factual allegations regarding these defendants in the body of the Complaint.

The Court will dismiss the 42 U.S.C. §§ 1983 and 1985 claims against the New Mexico State Court for the Eighth Judicial District, Eighth Judicial District Judge Jeff F. McElroy[2] and Eighth Judicial District Court Clerk Bernade P. Struck, Jr., on the grounds of judicial immunity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority");   *Kostal v. Stoner*, 292 F.2d 492, 493 (10th Cir. 1961) (the Civil Rights Act, 42 U.S.C. § 1983,   § 1985(3) "does not impair the

---

[1] The Complaint does not identify Plaintiffs' claims in the State court case or the status/outcome of the case.
[2] In their Prayer for Relief, Plaintiffs exclude Judge McElroy from their requests for compensatory and punitive damages.   *See* Complaint at 20.

4

traditional common law immunity of judges from personal liability in damages for their official acts in matters within their jurisdiction"). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

The Court will dismiss the 42 U.S.C. § 1983 civil rights claims against the following defendants because Section 1983 only authorizes suits against persons acting under color of state law:  (i) the Association, its directors Patrick Southworth, Carole Mason and Susan Knaus, and its general manager Fran Torres;[3] (ii) the law firm and the attorney that represented the Association in State court, Madison and Mroz, LLC and Holly Armstrong; and (iii) the unknown condominium owner. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law"). The "state action doctrine requires that the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Stone v. Elohim, Inc.*, 336 Fed.Appx. 841, 842 (10th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)). "Private persons may be said to act under color of state law if they are jointly engaged with state officials in the challenged action . . . But private conduct that is not fairly attributable to the State is simply not actionable under § 1983, however discriminatory

---

[3] The Complaint does not name Fran Torres as a defendant in the caption or in the list of parties, but describes her as "Defendant Fran Torres" on page 6.

or wrongful the conduct is."  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009).  Plaintiffs' Complaint does not contain any factual allegations that the defendants listed in the first sentence of this paragraph were state actors.

It appears that Plaintiffs may be asserting claims under both § 1985(2) and § 1985(3) because Plaintiffs allege that the Defendants hid evidence in the State court case and were racially motivated.  Section 1985(2) prohibits any conspiracy to obstruct a state judicial proceeding with the intent to deprive another of equal protection of the laws.  *See Kush v. Rutlege*, 460 U.S. 719, 725 (1983).  "To state a claim under § 1985(3), a plaintiff must show: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive plaintiff of equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) a deprivation of rights resulting therefrom."  *Paris v. Sw. Bell Tel. Co.*, 94 Fed.Appx. 810, 815 (10th Cir. 2004).  To state a valid claim for conspiracy, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 533 (10th Cir.1998) (discussing conspiracy under § 1983). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Prods. Co. v. McBride,* 708 F.2d 510, 512 (10th Cir.1983) (discussing conspiracy under § 1983).

Plaintiffs failed to allege specific facts showing an agreement and concerted action among Defendants and racial animus.   Plaintiffs make conclusory allegations that Defendants "worked in concert" and "conspired" to "Racially Target Plaintiffs," and to violate their civil rights and obstruct justice.  Complaint at 17-19.  Plaintiffs allege that the Association Defendants hired Defendant Law Firm to represent them in State court before Defendant State judge, however, they

6

do not allege specific facts showing an agreement and concerted action among the Defendants to deprive Plaintiffs of equal protection of the laws.

The Court will dismiss the 42 U.S.C. § 1985 conspiracy claims against the following defendants:  (i) the Association, its directors Patrick Southworth, Carole Mason, and Susan Knaus, and its general manager Fran Torres; (ii) the law firm Madison and Mroz, LLC and the attorney Holly Armstrong who represented the Association in State court; and (iii) the unknown condominium owner.

Plaintiffs also make conclusory allegations that Defendants were "racially motivated" and "White Defendants are accusing the Black Plaintiffs . . . Naturally, Blame Blacks for all Wrongs." Complaint at 9, 10.  Those allegations are insufficient to allege a racial discrimination conspiracy claim under § 1985(3).  *See Davis v. Bear*, 537 Fed.Appx. 785, 789 (10th Cir. 2013) (allegations by plaintiff that he is African-American and defendants are Caucasian were insufficient to support § 1985 racial discrimination conspiracy absent any allegations from which racial discriminatory animus could be inferred).

Plaintiffs also assert state law claims of intentional infliction of emotional distress.  The Court, having dismissed all of Plaintiffs' federal law claims, declines to exercise supplemental jurisdiction over Plaintiffs' state law claims.  *See Nielander v. Bd. of Cnty. Comm'rs,* 582 F.3d 1155, 1172 (10th Cir. 2009) ("Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if . . . the district court has dismissed all claims over which it has original jurisdiction").

Because it is dismissing all of Plaintiffs' federal claims and declines to exercise jurisdiction over Plaintiffs' state law claims, the Court will dismiss Plaintiffs' Complaint without prejudice.

Plaintiffs may file an amended complaint by September 1, 2015. Failure to timely file an amended complaint by September 1, 2015 may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiffs timely file an amended complaint which states a valid claim and includes the address of every defendant named in the amended complaint.

**IT IS ORDERED THAT:**

1. Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs, Doc's 3 and 4, are **GRANTED;**

2. Plaintiffs' Complaint, Doc. 1, is **DISMISSED without prejudice;** and

3. Plaintiffs may file an amended complaint by September 1, 2015.

*/s/ James A. Parker*

_____
**SENIOR UNITED STATES DISTRICT JUDGE**