IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERT PAUL B. R. DIAZ, and
JULIA T. DIAZ,

        Plaintiffs,

v.                                                                                                   No. 15cv483 JAP/SCY

LORETTA LYNCH, *et al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO RECONSIDER AND
EXTENDING DEADLINE FOR FILING AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiffs' Response to Judge James A. Parker Memorandum Opinion and Order Filed On August 7, 2015 in Clear Violation of Plaintiffs [sic] Constitutional Rights to Access the Courts, Doc. 8, filed September 1, 2015 ("Motion to Reconsider"). For the reasons stated below, the Court will **DENY** Plaintiffs' Motion to Reconsider. Plaintiffs may file an amended complaint by October 15, 2015. Failure to file an amended complaint by October 15, 2015 may result in dismissal of this case without prejudice.

**Background**

Plaintiffs filed a Complaint, Doc. 1, and two Applications to Proceed in District Court Without Prepaying Fees or Costs, Doc's 3 and 4 ("Applications"). The Court granted the Applications, dismissed the Complaint without prejudice for failure to state a claim pursuant to the statute governing proceeding *in forma pauperis*, 28 U.S.C. § 1915, and granted Plaintiffs leave to file an amended complaint by September 1, 2015. *See* Doc. 7. The Court notified Plaintiffs that failure to file an amended complaint by September 1, 2015, may result in dismissal of this case without prejudice. Instead of filing an amended complaint, Plaintiffs filed the Motion to Reconsider now before the Court. *See* Doc. 8.

**Motion to Reconsider**

Plaintiffs request that the Court "revisit" its Memorandum Opinion and Order, Doc. 7, which dismissed their Complaint without prejudice. Plaintiffs state "[i]t is impossible to Amend the Complaint when you, Judge Parker, are taking away the ability to explore and force the Defendants to support the claims against Plaintiffs, With regards to Defendants Counter-Claim." Motion to Reconsider at 2. Plaintiffs assert that their initial Complaint is about "addressing Defendants['] Counter-Claim" and that Plaintiffs "are not obligated to provide any evidence in support" of their Complaint at this early stage. There is no counter-claim by Defendants in this case. Plaintiffs appear to be referring to a counter-claim in a state court proceeding.

Plaintiffs also allege that the Court is "dismissing people who are not even party to the Initial Plaintiffs Complaint, with regards to Fran Torres. So Plaintiffs looks [sic] at this action a bit suspect." Motion to Reconsider at 2. The Court noted that "The Complaint does not name Fran Torres as a defendant in the caption or in the list of parties, but describes her as 'Defendant Fran Torres' on page 6 [of the Complaint]." *See* Mem. Op. and Order at 6, n.3, Doc. 7.

Plaintiffs cite *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), for the proposition that "Claims are valid only if they allege facts that plausibly suggest a conspiracy . . . . The suggestive facts need only be alleged; a suit can go forward even if the facts are unlikely to be proven by the plaintiff." Motion to Reconsider at 2. Plaintiffs did not allege specific facts showing an agreement and concerted action among Defendants which would suggest a conspiracy. *See* Mem. Op. and Order at 6-7. Plaintiffs allegation that Defendants were "racially motivated" because Defendants are white and Plaintiffs are black is insufficient to allege a racial discrimination conspiracy claim. *See* Mem. Op. and Order at 7.

Finally, Plaintiffs cite *Scheuer v. Rhodes*, 416 U.S. 232 (1974), for the proposition that when a state actor violates a constitutional right, he is acting as a private individual. *See* Motion to Reconsider at 3. Plaintiffs apparently argue that the Court should not have dismissed the claims against the defendant state district court judge. Plaintiffs do not address the recent Supreme Court and Tenth Circuit cases cited by the Court in its Order dismissing Plaintiffs' Complaint, which hold that state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority")

The Court will deny Plaintiffs' Motion to Reconsider because Plaintiffs have not presented any grounds warranting reconsideration.

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Cf.* Fed.R.App.P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991).

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

**Extension of Time to File Amended Complaint**

Plaintiffs may file an amended complaint by October 15, 2015. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Compliance with Rule 11**

While the Court will permit Plaintiffs to file an amended complaint, they must do so consistent with Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims . . . are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law [and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED THAT**:

1. Plaintiffs' Response to Judge James A. Parker Memorandum Opinion and Order Filed On August 7, 2015 in Clear Violation of Plaintiffs [sic] Constitutional Rights to Access the Courts, Doc. 8, filed September 1, 2015, is **DENIED;**

2. Plaintiffs may file an amended complaint by October 15, 2015.

*/s/ James A. Parker*
_____
**SENIOR UNITED STATES DISTRICT JUDGE**